AO 98 (Rev. 8/85) Appearance Bond

# UNITED STATES DISTRICT COURT

SOUTHERN District of NEW YORK

UNITED STATES OF AMERICA
V.

**APPEARANCE BOND**

MELONIE COLLINS
Defendant

Case Number: 05M627

Travel is restricted to the EDNY & SDNY-CT+MASS  PreTrial Supervision  1 Cosigners
Surrender Travel documents and not apply for new documents.

Non-surety: I, the undersigned defendant acknowledge that I and my ...
Surety: We, the undersigned, jointly and severally acknowledge that we and our ...
personal representatives, jointly and severally, are bound to pay to the United States of America the sum of
$ 50,000 _____, and there has been deposited in the Registry of the Court the sum of
$ 500 _____ in cash or _____ (describe other security.)

The conditions of this bond are that defendant  MELONIE COLLINS
(Name)

is to appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of defendant's release as may be ordered or notified by this court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment.

It is agreed and understood that this is a continuing bond (including any proceeding on appeal or review) which shall continue until such time as the undersigned are exonerated.

If the defendant appears as ordered or notified and otherwise obeys and performs the foregoing conditions of this bond, then this bond is to be void, but if the defendant fails to obey or perform any of these conditions, payment of the amount of this bond shall be due forthwith. Forfeiture of this bond for any breach of its conditions may be declared by any United States District Court having cognizance of the above entitled matter at the time of such breach and if the bond is forfeited and if the forfeiture is not set aside or remitted, judgment, may be entered upon motion in such United States District Court against each debtor jointly and severally for the amount above stated, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and any other laws of the United States. (Special Conditions: Travel restricted to SDNY, EDNY + MASS. PreTrial supv. Surrender travel docs or refrain from obtaining new ones. Deft may be released on his signature; all other conditions written and usual.

This bond is signed on 4/8/05 as to △ at White Plains, NY
                          Date                              Place

Defendant  Melonie Collins  Address 78 Pennimon St N. Bedford MA
Surety  Melonie Collins  Address 14 Alex Baker Rd E Falmouth, MA
Surety _____ Address _____

Signed and acknowledged before me  4/14/05
                                    Date

By The Court:

_____
Clerk

Approved _____
Lisa Margaret Smith, USMJ

## Advice of Penalties and Sanctions

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

The commission of a Federal offense while on pretrial release will result in an additional sentence of a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to 10 years of imprisonment, and a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to tamper with a witness, victim or informant; to retaliate or attempt to retaliate against a witness, victim or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:
(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgement of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_Melonie Collins_
Signature of Defendant

_78 Penniman St New bedford ma_
Address

_New bedford ma 508 813-903_
City and State                                 Telephone

## Directions to United States Marshal

(X) The defendant is ORDERED released after processing.
( ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond, and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date: _4/8/05_

_____
Signature of Judicial Officer

_____
Name and Title of Judicial Officer

WHITE COPY - COURT    YELLOW - DEFENDANT    GREEN - PRETRIAL SERVICE    BLUE - U.S. ATTORNEY    PINK - U.S. MARSHAL

TOTAL P.27

```
WMRX CHECK DISBURSED       04/09/05 10:39 AM  1471   1 OF  1  SMC 393 BR:40
                                                                     1568871
    21486176        MELISA COLLINS                  EFF DATE:04/11/05

CASH RECVD:           0.00   CHECK RECVD:        500.00  TOTL RECVD:    500.00
CASH RETURNED:        0.00
CHECK RET:          500.00   TO: UNITED STATES DISTRICT CLERK    1568871

ACCOUNT: 21486176-
SFX TRAN     AMOUNT      PRINCIPAL         INT       FEE/LC      BALANCE DUE DATE
05 DEP       500.00           0.00        0.00         0.00     1,603.31
05 SWD       500.00           0.00        0.00         0.00     1,103.31
```

X  /s/ Melisa Collins
RECEIVED BY

DETACH THIS PORTION BEFORE DEPOSITING

Approved: _____
JASON P.W. HALPERIN
Assistant United States Attorney           05-M-627

Before:   HONORABLE LISA MARGARET SMITH
          United States Magistrate Judge
          Southern District of New York

- - - - - - - - - - - - - - - - -x
                                   :
UNITED STATES OF AMERICA           :    COMPLAINT
                                   :
         - v. -                    :    Violation of
                                   :    18 U.S.C. § 1791
MELONIE COLLINS and                :
KELVIN FRYE,                       :    COUNTY OF OFFENSE:
                                   :
              Defendants.          :    ORANGE COUNTY
                                   :
- - - - - - - - - - - - - - - - -x

SOUTHERN DISTRICT OF NEW YORK, ss.:

        FELIPE ORENGO, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigation and charges as follows:

                              Count One

        On or about April 7, 2005, in the Southern District of New York and elsewhere, MELONIE COLLINS and KELVIN FRYE, the defendants, in violation of a statute, rule, and order issued under a statute, unlawfully, willfully and knowingly provided to an inmate of a prison a prohibited object, and attempted to do so, to wit, COLLINS and FRYE brought packages containing marijuana to the Federal Correctional Institute in Otisville, New York.
        (Title 18, United States Code, Section 1791(a)(1))

        The bases for my knowledge and for the foregoing charges are, in part, as follows:

        1.  I am a Special Agent with the Federal Bureau of Investigation, and have been so for more than 20 years. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all of the facts that have been learned by the investigating agents during the course of the investigation. Where the contents of documents and actions, statements and conversations are reported herein, they are reported in substance and in part, except where otherwise

indicated.

       2. I am aware that at the Federal Correctional Institute in Otisville, New York ("FCI Otisville"), telephone calls made by inmates are monitored by prison employees and tape-recorded. In connection with this investigation, I have reviewed the recordings of a number of telephone calls made from FCI Otisville by inmate Anthony Vaughn.

       3. Based on my conversations with officials at FCI Otisville, I am also aware that, at the start of an inmate's incarceration, the inmate is required to provide a list of telephone numbers and individuals that the inmate intends to call during his incarceration. The inmate must explain the inmate's connection to the individual to be called, i.e., "friend" or "relative." I am aware that Vaughn, whom FCI Otisville has registered as Register No. 23919038, listed (508) 813-9033 as the number for "MELONIE COLLINS" and identified her as a "friend."

       4. Based on my review of these recordings, I am aware that Vaughn called telephone number (508) 360-6226 at approximately 11:10 p.m. on April 6, 2005. During this conversation, Vaughn spoke to a man believed to be KELVIN FRYE, the defendant, and asked him if he had heard from "her." The man said he had spoken to her, she has the car, and she was going to come by and pick him up the following morning.

       5. On or about April 7, 2005, Vaughn called MELONIE COLLINS's telephone number at approximately 10:28 a.m., and spoke with a woman believed to be COLLINS. During this phone call, COLLINS advised Vaughn that she was coming to see him that same day. Vaughn asked COLLINS if she was going to pick up "Kelv," and she responded yes. In addition, she referred to "the 25 kids for the birthday party," and that it was "so much money." Based on my experience and training, I believe that the reference to "25 kids" referred to a quantity of narcotics.

       6. On or about April 7, 2005, Vaughn called MELONIE COLLINS's telephone number at approximately 2:07 p.m. and spoke with the same woman, who was later determined to be the defendant, MELONIE COLLINS. Vaughn asked COLLINS, "Where's Kel (or Kelv)?" She responded that he was with her in the car and that she would hand the phone to him. "Kel," who was later determined to be the defendant, KELVIN FRYE, then spoke to Vaughn, who asked him where they were. FRYE responded that they were in Waterbury, at which point Vaughn asked if he meant Waterbury, Connecticut, to which FRYE said yes. FRYE added that they were about two hours away. Vaughn then asked COLLINS if she had changed the "small bills for

bigger bills," and she responded that "Kel did it for me because I'm driving." Based on my experience and training, I believe that Vaughn was asking COLLINS to transfer the narcotics into larger packages for consolidation before they arrived at FCI Otisville.

7. On or about April 7, 2005, at approximately 6:10 p.m., defendants COLLINS and FRYE entered FCI Otisville. As per Bureau of Prisons ("BP") policy, they were instructed to fill out Form BP-5224, "Notification to Visitor." On these forms, both defendants COLLINS and FRYE indicated that they were visiting inmate "Anthony Vaughn," Register No. 23919-038. Form BP-5224 instructs all visitors that "18 U.S.C. §§ 1791 and 3571 provides a penalty of imprisonment for not more than twenty years, a fine of not more than $250,000 or both, to a person who provides, or attempts to provide, to an inmate any prohibited object," which is defined to include any "narcotic drug" or "controlled substance." Both defendants COLLINS and FRYE signed a Form BP-5224 indicating that they understood these penalties.

8. Thereafter, FCI Otisville officials approached defendants COLLINS and FRYE and explained that they had reason to believe that they were attempting to carry contraband into the prison. Prison officials then read Form BP-5224's warning about not bringing narcotic drugs or controlled substances into the prison, and asked the defendants for their consent to do a visual search, a pat search, and a strip search. COLLINS consented; FRYE did not. During the subsequent search of defendant COLLINS, officials discovered 10 packages, containing suspected narcotics, that were wrapped in balloons that had been secreted inside defendant COLLINS's vagina. A subsequent field test on one of the packages indicated it tested positive for marijuana.

WHEREFORE, deponent prays that a warrant be issued for the arrest of MELONIE COLLINS and KELVIN FRYE, the defendants, and that they be imprisoned, or bailed, as the case may be.

_____
FELIPE ORENGO
SPECIAL AGENT
FEDERAL BUREAU OF INVESTIGATION

Sworn to before me this
8th day of April, 2005.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK